AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture



# UNITED STATES DISTRICT COURT

for the

District of Montana

FILED

DEC 27 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

In the Matter of the Seizure of
*(Briefly describe the property to be seized)*
Wells Fargo Bank Account Number: 3732868868
West One Bank Account Number: 1600079

)
)
)
)
)

Case No. *MJ 11-83-M-JCL*

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of

_____Montana_____ is subject to forfeiture to the United States of America under ___21___ U.S.C. §

___853___ *(describe the property)*:

Wells Fargo Bank Routing Number: 092905278
Bank Account Number: 3732868868
Bank Account Holders: Milestone Innovations Inc.
                               Jesse S. Wall Jr.

West One Bank routing Number: 092905430
Bank Account Number: 1600079
Bank Account Holders: Jesse S. Wall Jr., CPA, PC

The application is based on these facts:
See attached affidavit, incorporated by reference herein.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

**Tadd Downs Specail Agent**
_____
*Printed nome and title*

Sworn to before me and signed in my presence.

Date: **12/27/2011**

City and state: Missoula, MT

_____
*Judge's signature*

Jeremiah C. Lynch, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

### INTRODUCTION

1.   The United States asserts that the Court should issue a Seizure Warrant as authorized under 21 U.S.C. § 853(f), because:

     a.  There is probable cause to believe that the property to be seized is proceeds from a violation of Title 18 U.S.C. 1343 (Wire Fraud); and
     b.  There is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture under 18 U.S.C. § 982, and that a restraining order or injunction under 21 U.S.C. 853(e) may not be sufficient to assure the availability of the property for forfeiture.

2.   The property to be seized is described as follows:

     | | |
     |---|---|
     | Wells Fargo Bank Routing Number: | 092905278 |
     | Bank Account Number: | 3732868868 |
     | Bank Account Holders: | Milestone Innovations Inc. |
     | | Jesse S. Wall Jr. |

     And

     | | |
     |---|---|
     | West One Bank routing Number: | 092905430 |
     | Bank Account Number: | 1600079 |
     | Bank Account Holders: | Jesse S. Wall Jr., CPA, PC |

     And all funds contained within.

### BACKGROUND

3.   This case originated on 12/12/11 upon information received from Connie Tuman, Glacier Bank.  Tuman stated that bank customer Margret Clair Davies had written a letter to Glacier Bank wanting to close her account. The letter stated that Davies felt someone had stolen funds from her account.  Tuman stated that she spoke with Davies and Davies indicated that her CPA, Jesse Wall Jr., had stolen funds from her account.  Tuman further stated that Davies had an account with Glacier Bank, and on 11/15/10 Wall had removed $50,000 from Davies account in the form a cashier's check (check number 077523), made payable to "Jesse S. Wall Jr. CPA PC Trust Account."  The check was then deposited into an account with West One Bank in Kalispell, MT.

1

4.  On 12/13/11, Tuman sent me a copy of the above-referenced check in paragraph 3. I was able to verify that the check was deposited into Wall's account with West One Bank.

5.  On 12/14/11, I discovered documents from a case in the District Court of the Eleventh Judicial District of the State of Montana, in and for the County of Flathead involving Wall (Case number DG99-025) before District Court Judge Katherine R. Curtis. This case was titled "In re the Conservatorship of Don 'Awesome' Dickson." In this case, Wall had been the former conservator for Dickson and was seeking payment of fees and costs. In Judge Curtis's "Finding of Fact, Conclusions of Law & Order" it states that Wall "… has continued to dissipate conservatorship funds for his own financial gain."

6.  On 12/19/11, I served a Grand Jury Subpoena for records under the control of West One Bank for documents relating to any bank accounts belonging to Wall.

7.  On 12/19/11, I interviewed Margret Clair Davies. Davies is a 91 year old woman currently living in Texas. Davies indicated that she had met Wall in 2005, after being referred to him by a neighbor. Davies stated she needed a CPA to complete her taxes. Davies said that she had previously had trust bank accounts with Wells Fargo, Glacier Bank, and First Interstate Bank. Davies further stated that in 2010 Wall would come to her house on a daily basis and talk with her about setting up trust accounts wherein Wall would have access to these accounts. Davies said that one time (unknown date) Wall and an attorney named Reiger, later identified as Vincent Rieger, came by her residence. Davies said that they were there for 4 hours "yelling" at her to sign documents establishing the trust accounts. Davies said that both Reiger and Wall were telling her that if she did not put her money into trust accounts that someone would "steal" her money.

8.  Davies indicated that she felt "hoodwinked" into signing the documents and that she felt intimidated and pressured to sign the documents establishing the trust accounts. Davies further said that in November of 2010, after the trust accounts were established, she called Wells Fargo Bank and discovered that an unauthorized withdrawal for $100,000 was taken from her account by Wall. Davies said that after discovering this she also contacted Glacier Bank and First Interstate Bank. She discovered that her Glacier Bank and First Interstate Bank accounts each had unauthorized withdrawals made by Wall for $50,000 each.

9.  When Davies discovered that funds had been removed by Wall, Davies contacted an attorney and had the accounts closed. Davies indicated that Wall also "had the nerve to ask" her for $400,000 which Davies did not

2

give to Wall.  Davies said that when Wall was confronted with the unauthorized withdrawals that Wall provided her with a "promissory note" to repay her $2,500 per month for the next two years.  Davies refused Wall and stated, "his math is off" because Wall would only be repaying $60,000 of the $200,000 that he stole.

10.  Davies said that to date, Wall has not repaid her any of the funds which he had "stolen" from her.  Additionally, Davies feels that Wall may have given her money to his family.

11.  On 12/21/11, I reviewed a promissory note signed only by Wall with no date, notary, or signature of anyone else.

12.  On 12/22/11, I reviewed documents received pursuant to a Grand Jury Subpoena from West One Bank.  These documents included a $200,000 deposit made by Wall on 11/15/11 into his account, account ending in 5430.  This deposit involved three checks being deposited into Wall's account.  The checks are listed below:

| Check number | Remitter | Amount | Bank |
|---|---|---|---|
| 5070384305 | Margaret Clair Davies | $50,000 | First Interstate Bank |
| 0274902738 | Cashier's Check | $100,000 | Wells Fargo Bank |
| 077523 | Margaret Clair Davies | $50,000 | Glacier Bank |

13.  Additionally, I reviewed a check, check number 15060, drawn on Wall's account ending in 5430, for the amount of $150,000.  This check was made payable to Milestone Innovations, Inc. and deposited into Wells Fargo Bank account described in paragraph 2.

14.  On 12/22/11, I was able to verify that the account described in paragraph 2, belongs to Milestone Innovations Inc. with Jesse S. Wall as the only individual with signature authority on this account.

15.  As of the writing of this affidavit it is believed that the accounts listed above contain approximately $26,000.

16.  An order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the property for forfeiture because there is reason to believe that the property is in the custody of the suspect, which custodian cannot reasonably be relied on to abide by an order to maintain the property in substantially the same condition as it is at the present time in order that it will be available for forfeiture because the property to be seized is cash from bank accounts.

17.  The United States requests that the Court in the warrant define the contents of the account as all principal, deposits, interest, dividends, and

3

other amounts credited to the account on and after execution of the warrant up to final liquidation of the account. The United States further requests that the Court in the warrant authorize the United States Secret Service to effect the seizure of the contents of the account by the United States Secret Service, in its discretion, directing the financial institution at which the account is established to do the following without further order of the Court:

a.   To freeze the contents of the account in place and to refuse the withdrawal of any amount from the account by anyone other than the U.S. Secret Service, and while any contents of the account are frozen in place to accrue any deposits, interest, dividends, and any other amount credited to the account until the U.S. Secret Service directs that the contents of the account be finally liquidated.  Liquidation through this warrant shall be limited to and not exceed $200,000;

b.   To liquidate some or all of the contents of the account at one or more times and upon any liquidation of any contents to turn over the liquidated amount to the U.S. Secret Service.

c.   The United States seeks this authorization in order to maximize the value of the contents seized from the account considering that the account may be an interest-bearing account, a timed account, an account to which a penalty for early withdrawal applies, or have some other aspect affecting its value.

## NEXUS OF THE PROPERTY TO THE VIOLATION

The government submits that there is probable cause to believe that the property listed in paragraph 2 above represents the proceeds of unlawful activity, specifically violation of Title 18 U.S.C. § 1343 wire fraud.  Proceeds of wire fraud are subject to forfeiture, 18 U.S.C. § 982.

## CONCLUSION

Based on the foregoing facts and circumstances, the government requests that this Court issue a seizure warrant for the property listed in paragraph 2 above.

4

FURTHER AFFIANT SAYETH NOT.

Tadd Downs
Special Agent, U.S. Secret Service


Signed and sworn to before me this $27^{n}$ day of December 2011.

Jeremiah C. Lynch
United States Magistrate Judge

5